**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

ANGELA D. WILLIAMS, and
LUCILLE WILLIAMS,

         Plaintiffs,

v.                   Civil Action No. _____

AMSHER COLLECTION SERVICES, INC.,     **JURY TRIAL DEMANDED**

         Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Angela D. Williams is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Plaintiff Lucille Williams is a natural person residing in the County of Erie and State of New York and is the mother of Plaintiff Angela D. Williams.  At all time relevant therein Plaintiff Lucille Williams was and is residing with Plaintiff Angela D. Williams and was in no way legally obligated to make payment on the subject debt incurred by Plaintiff Angela D. Williams.

6. Defendant, Amsher Collection Services, Inc., (hereinafter "Amsher") is a foreign business corporation organized and existing under the laws of the State of Alabama and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendant regularly attempts to collect debts alleged to be due another.

8. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

9. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

### IV. FACTUAL ALLEGATIONS

10. Plaintiff Angela D. Williams incurred a debt to T-Mobile for cellular telephone services. This debt will be referred to as "the subject debt."

11. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

12. That Plaintiff thereafter defaulted on the subject debt.

13. That upon information and belief, Defendant Amsher was then employed by the account holder to collect the subject debt.

14. That beginning in or about late-February of 2008, Defendant began making multiple telephone calls per week, and often multiple times per day to the home telephone of Plaintiffs Angela D. Williams and Lucille Williams in an attempt to collect the subject debt.

15. That during one of the initial telephone calls, Plaintiff Angela D. Williams attempted to negotiate a settlement with Defendant. However, Plaintiff was told that she did not meet the eligibility requirement for settlement because her debt was below $600. Although Plaintiff Angela D. Williams notified Defendant that she could not afford to make immediate payment in full, Defendant nevertheless proceeded to make subsequent calls to her home.

16. That on several occasions, Plaintiff Lucille Williams would answer the aforementioned telephone calls, wherein Defendant would request that she deliver a message to Plaintiff Angela D. Williams to return Defendant's telephone call regarding an important matter. During said telephone conversations Defendant failed to disclose their business name.

17. That following said telephone conversations and in accordance with Defendant's directions, Plaintiff Lucille Williams would deliver the aforementioned messages. Consequently, Plaintiff Angela D. Williams would return Defendant's telephone calls. In delivering their telephone messages to Lucille Williams, Defendant did disclose they were a debt collector. Consequently, on frequent occasion, when Angela D. Williams

called the number provided to her by her mother, she was surprised to lean that she was calling the Defendant.

18. That on or about May 8, 2008, Defendant Amsher made several telephone calls to Plaintiff Angela D. Williams between the hours of approximately 8 p.m. to 9 p.m. Believing it was urgent given the time of the night, Plaintiff Angela D. Williams answered said call only to discover that Defendant was calling in an attempt to collect the subject debt. As usual Defendant demanded immediate payment in full but refused to accept any settlement offers. During her second conversation with Defendant that night, Plaintiff Angela D. Williams then requested Defendant to cease and desist from making any further telephones to her and terminated the call. Nonetheless, Defendant called said Plaintiff back multiple times that night.

19. That in one of the telephone calls that evening Plaintiff Angela D. Williams was extremely agitated and began stuttering. Defendant seized the opportunity to mock Plaintiff by frequently interrupting her sentences with retorts of "what", "huh", "duh", and condescendingly mimicked her southern accent using phrases such as "what da?" Defendant's mockery made it difficult for Plaintiff to continue said conversation and she terminated the call.

20. That Plaintiff Lucille Williams overheard the telephone call in the adjacent room and questioned her daughter as to the nature of the calls given the time of the night. Not wishing to alarm her mother, Plaintiff Angela D. Williams explained that it was a debt collector and that she would take care of the situation. However, Plaintiff Lucille Williams observed that her daughter was visibly agitated by the aforementioned telephone calls and thus she disconnected subsequent telephone calls made by Defendant later that night.

21. That Plaintiff Lucille Williams answered one the calls made by Defendant on August 8, 2008. During said call, Plaintiff Williams requested that Defendant cease and desist from making any further calls to her residence. Notwithstanding her request, Defendant called Plaintiffs residence multiple times thereafter that evening.

22. That as a result of Defendant's acts Plaintiffs became nervous, upset, anxious, and suffered from emotional distress.

### V. CAUSE OF ACTION

23. Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in paragraphs 1 through 21 above.

24. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

      A. Defendant violated 15 U.S.C. §1692c(a)(1), 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by engaging in conduct the natural consequence of which was to harass the hearer when they repeatedly and continuously caused Plaintiffs Angela D. Williams and Lucille Williams's home telephone to ring and engaged them in conversations with the intent to annoy, abuse and harass each of the Plaintiffs despite their requests that they cease and desist from calling them, and despite the fact that they had been told that Angela D. Williams could not afford to pay the debt.

      B. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by mocking Plaintiff Angela D. Williams accent and her stuttering.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

Dated: February 18, 2009

                                        /s/Kenneth R. Hiller, Esq.
                                        Kenneth R. Hiller, Esq.
                                        Amanda R. Jordan, Esq.
                                        Law Offices of Kenneth Hiller
                                        *Attorneys for the Plaintiff*
                                        6000 North Bailey Ave., Suite 1A
                                        Amherst, NY 14226
                                        (716) 564-3288
                                        Email: khiller@kennethhiller.com
                                                  ajordan@kennethhiller.com

**VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

Plaintiff Angela D. Williams and Plaintiff Lucille Williams each affirm that the following statements are true and correct under penalties of perjury:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.


Dated: February 18, 2009



/s/Angela D. Williams__
Angela D. Williams



/s/Lucille Williams___
Lucille Williams